Mark Jordan Reg. No. 48374-066
Name and Prisoner Number/Alien Registration Number

U.S. Penitentiary--Tucson
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson, AZ  85734
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED _____ LODGED
RECEIVED _____ COPY

FEB - 2 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

MARK  JORDAN
(Full Name of Petitioner)

                    Petitioner,

                         vs.

J. T.  SHARTLE, Warden
(Name of Warden, Jailor or authorized person
having custody of Petitioner)

                    Respondent.

**CV 18-0056 TUCJAS BGM**

CASE NO. _____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1. What are you challenging in this petition?
   - ☐ Immigration detention
   - ☒ Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐ Probation, parole or supervised release
   - ☐ Other (explain): _____

2. (a) Name and location of the agency or court that made the decision you are challenging: _____
   Federal Bureau of Prisons, Washington, D.C.

   (b) Case or opinion number: Remedy ID Nos. 854694,

   (c) Decision made by the agency or court: Administrative appeal denied.

   _____

**530**

(d) Date of the decision: __April 17, 2017__

3.  Did you appeal the decision to a higher agency or court?     Yes ☐     No ☒

    If yes, answer the following:

    (a) First appeal:

        (1) Name of the agency or court: _____

        (2) Date you filed: _____

        (3) Opinion or case number: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

        _____

        _____

        _____

        **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (b) Second appeal:

        (1) Name of the agency or court: _____

        (2) Date you filed: _____

        (3) Opinion or case number: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

        _____

        _____

        _____

        **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (c) Third appeal:

        (1) Name of the agency or court: _____

        (2) Date you filed: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____
      Decision constituted the final agency appeal and action on the
      issue.

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☒

      If yes, answer the following:
                                                Please see pages 12-13, Attached,
      (a)  Name of the agency or court: _____Jordan's Prior Hearings & Proceedings_____

      (b)  Date you filed: _____

      (c)  Opinion or case number: _____

      (d)  Result: _____

      (e)  Date of result: _____

      (f)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

      **CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

3

**GROUND ONE:** Please see page 17, attached, CLAIMS, Ground One, conviction obtained in violation of 28 C.F.R. §541.8(f), for lack of evidence.

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.): Please see pages 10-16, attached, FACTS.

(b) Did you exhaust all available administrative remedies relating to Ground One?        Yes ☒    No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☒ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

4

**GROUND THREE:** Please see page 17, attached, CLAIMS, Ground Three, Conviction obtained in violation of Religious Freedom Restoration Act, 42 U.S.C. §§2000bb-cc.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Please see pages 10-16, attached, FACTS

(b) Did you exhaust all available administrative remedies relating to Ground Three?     Yes ☒     No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☒ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

**GROUND TWO:** Please see page 17, attached, CLAIMS, Ground Two, conviction obtained in violation of 28 C.F.R. §541.8(f), as hearing officer refused to consider exculpatory written inmate statements.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Please see pages 10-16, attached FACTS.

(b) Did you exhaust all available administrative remedies relating to Ground Two?        Yes ☒        No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☒ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

5

**GROUND FOUR:** Please see page 17, attached, CLAIMS, Ground Two, conviction obtained in violation of due process as conviction is not supported by evidence that Jordan's touching of Weakley was "unwanted."

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): Please see page 10-16, attached, FACTS.

(b) Did you exhaust all available administrative remedies relating to Ground Four?        Yes ☐    No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☒ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

7

Please answer these additional questions about this petition:

7.    Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐      No ☒
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

    If yes, answer the following:

    (a)   Have you filed a motion under 28 U.S.C. § 2255?      Yes ☐      No ☐

        If yes, answer the following:

        (1)  Name of court: _____

        (2)  Case number: _____

        (3)  Opinion or case number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____
        _____
        _____
        _____

        **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
    _____
    _____
    _____

8.    If this case concerns immigration removal proceedings, answer the following:

    (a)   Date you were taken into immigration custody: _____

    (b)   Date of removal or reinstatement order: _____

    (c)   Did you file an appeal with the Board of Immigration Appeals?      Yes ☐      No ☐

        (1)  Date you filed: _____

        (2)  Case number: _____

8

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?        Yes ☐        No ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.  Petitioner asks that the Court grant the following relief:  `Please see attched, page 18,`
`Prayer For Relief.`

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

    I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *January 2018* (month, day, year).

_____

Signature of Petitioner

_____          _____

Signature of attorney, if any                     Date

9

FACTS

**July 10, 2010 Incident**

1.   Petitioner, Mark Jordan, is a federal prisoner in the custody
of the Federal Bureau of Prisons, and is currently incarcerated
at the US Penitentiary in Tucson Arizona.

2.   Jordan arrived at the US Penitentiary in Lee County, Virginia
(USP-Lee) on May 4, 2010. On the afternoon of July 10, 2010,
Jordan was watching a softball game on the USP-Lee prison yard
when he observed two other prisoners, later identified as Paul
Weakley and Kenneth Mills, side-by-side on the ground and locked
in an embrace. Jordan further observed that Mills was unarmed
wheras Weakley possessed a weapon, a homemade "shank." It appeared
to Jordan that Mills sought to disengage but could not do so
without opening himself to potential stabbing by Weakley.

3.   Upon observing these events, and particularly the shank,
Jordan approached the two prisoners and placed his foot on the
knife-wielding arm and/or wrist of Weakley, thereby preventing
utilization of the weapon, and directed both Mills and Weakley
to "break it up," whereupon Mills and Weakley disengaged and
Jordan immediately retreated.

4.   At no time specifically during the period and course of
Jordan's intervention did Weakley or Mills assault one another,
nor at any time did Jordan assault either Weakley or Mills. Both
Weakley and Mills, however, each stabbed the other with the same
weapon.

5.   Shortly following the altercation, prison officials removed
both Mills and Weakley from the general prison population and

placed them in segregated housing, and later charged each with
committing the prohibited act of assault, Code 101 of the BOP
disciplinary code, 28 C.F.R. §541.13 (2009). Jordan, meanwhile,
remained on the prison yard for two hours following the incident
after which time he was approached by Special Investigative
Services (SIS) Technician B. Calton, escorted from the prison
yard and placed in Administrative Detention of the Special Housing
Unit.

6.    The entire incident described above was captured by prison
surveillance video, which has been preserved.

7.    Jordan is a practitioner of Judaism, and sincerely believes
in exercise thereof that he is religiously obliged to intervene
to prevent the murder and/or unjustified assault of a fellow
human being. By intervening to break up and diffuse the altercation
between Mills and Weakley, Jordan engaged in and performed a
religious exercise, a "mitzvah."

8.    On July 11, 2010, SIS Calton issued Jordan an Incident Report
charging him with "Assaulting Any Person" in violation of Code
101, 28 C.F.R. §541.13, Table-3 (2009), in which is was alleged:

> On July 10, 2010 at approximately 1:22 p.m., I reviewed VICON video
> from the recreation yard, which was a view of the back wall near the
> softball bleachers. I observed inmate Jordan, Mark #48374-066 walk
> over to the location where Inmates [Weakley and Mills] were having an
> altercation, then I observed Inmate Jordan [] take his right foot and
> place it on Inmate Weakley [sic] arm and upper arm, leaving Weakley
> not able to defend his self at that time of the altercation.

9.    BOP inmates are permitted non-sexual physical contact with
each other. Under BOP disciplinary guidelines, the DHO Guidelines
Manual, it is the "unwanted" touching of another that constitutes

assault.

10.  Both Weakley and Mills had their respective assault charges
heard before a Discipline Hearing Officer (other than the DHO's
who heard Jordan's charges). That DHO found that Weakley, despite
having stabbed Mills, did not commit the prohibited act on the
basis that Weakley had acted in self-defense. Mills, however,
was found guilty by the DHO based on his own admission that he
had first attacked Weakley without provocation, and that Jordan
intervened to successfully break up the altercation. The DHO
found Mills to be credible, and that he committed a Code 101
assault.

Jordan's Prior Hearings and Proceedings

11.  A Disciplinary Hearing Officer (DHO) first heard Jordan's
incident report on July 22, 2010, finding that Jordan did not
commit the prohibited act of Code 101 assault, but that he did
commit the lesser prohibited act of Code 224, Minor Assault,
and imposed sanctions that included the loss of good conduct
time credits.

12.  After exhausting administrative remedies, Jordan sought
a petition for a writ of habeas corpus in the Western District
of Virginia seeking to overturn the disciplinary conviction.
(Mark Jordan v. Christopher Zych, Civ. No. 10-cv-00491). That
petition was dismissed without prejudice after the BOP issued
an Amended DHO Report on the discipline proceeding. Specifically,
on May 4, 2011, the DHO issued an Amended DHO Report which no
less maintained the ultimate determination that Jordan committed

a Code 224 Minor Assault.

13.  After once again exhausting administrative remedies as to
the Amended DHO Report, Jordan sought a petition for a writ of
habeas corpus in the Middle District of Pennsylvania seeking
to overturn the disciplinary conviction. (Mark Jordan v. B.A.
Bledsoe, Civ. No. 11-cv-1836). That petition was dismissed without
prejudice as moot after the BOP held a rehearing on the charge
and issued a new DHO Report. Specifically, on October 9, 2012,
the BOP held a rehearing of the incident report, again finding
Jordan committed the prohibited act of Code 224, Minor Assault.

14.  After again exhausting administrative remedies as to the
rehearing, Jordan sought a petition for a writ of habeas corpus
in the Eastern District of California. (Mark Jordan v. Andre
Matevousian, Civil No. 15-cv-01895). That petition was subsequently
dismissed without prejudice as moot after the BOP held a second
rehearing of the charge on or about February 10, 2016, again
finding that Jordan committed the prohibited act of Code 224,
Minor Assault, and reimposing the previous sanctions that included
the disallowance of 27 days good conduct time credits. After
exhausting administrative remedies anew, Jordan filed the instant
petition for a writ of habeas corpus with this court seeking
to overturn the disciplinary conviction.

The February 2016 Rehearing

15.  In the days preceding February 10, 2016, Jordan was summoned
before the DHO, C. Liwag, for rehearing on the Incident Report.
At this time, DHO Liwag refused to accept into evidence and consider

Jordan's proffered written inmate witness statements that had
been prepared in July of 2010 and collected by his previous staff
representative, Lance Cole, from other USP-Lee inmates who witnessed
the incident. These documents included the written statements
of inmates Matt Campbell, Mike Hoffman, T. Arthur, Jeremiah McGuire,
Justin Raions, Anthony Verdenski, Charles DewaBEL, Mary Burt,
Tom Martin, Daniel Magee, Robert George, Adam Verdekal, T. Robinson,
Anthony Sabetta, Tommy Jackson, and Randy Souza. Each of these
inmate written witness statements averred that Jordan did not
assault either Weakley or Mills during the incident and that
any touching of either by Jordan was merely incidental to his
obvious attempt to break up the altercation. DHO Liwag stated
that he could not consider these exculpatory statements because
they were "dated" and not collected through Jordan's current
staff representative, Counselor R. Boudreau, who had been assigned
as Jordan's staff representative for the second rehearing. The
DHO then postponed the proceedings because of a conflict with
staff availability at the institution where Jordan's witness,
Paul Weakley, was imprisoned, as necessary to facilitate Weakley's
appearing remotely at the hearing.

16.   The DHO rehearing reconvened on February 10, 2016. Although
Jordan had requested that inmate Kenneth Mills appear as a witness
on his behalf to testify that he did not assault Weakley (or
Mills), or otherwise unwantonly touched either, but rather that
Jordan's touching of Weakley was incidental to his successful
attempt to break up the altercation and that Weakley expressed

appreciation to Jordan afterwards, Mills did not appear at the
rehearing because he had died in the six years since the incident
in question. Notably, during his own DHO hearing, Mills was deemed
to be credible by a different DHO when he testified on behalf
of Paul Weakley and stated that Weakley's stabbing of Mills was
an act of self-defense. Crediting Mills' testimony, that DHO
determined that Weakley did not commit a prohibited act and
dismissed and expunged his incident report after finding that
he had stabbed Mills in self-defense.

17.  According to the BOP's DHO Guidelines Manual, as relevant
here, assault is defined as the "unwanted touching of another."

18.  During Jordan's DHO rehearing, Jordan's staff representative,
R. Boudreau, commented that the video evidence is entirely
consistent with Jordan's defense to the charge. Jordan's prior
BOP staff representatives, Unit Manager Hope Chance and Education
Department Supervisor Lance Cole, both also stated that the video
evidence is consistent with Jordan's statements in defense of
the charge.

19.  DHO Liwag found that Jordan committed the prohibited act
of Code 224, Minor Assault, and reinstated the sanctions imposed
at the previous DHO hearings. DHO Liwag determined that "all
parties state and agree that Jordan stepped on Weakley's hand
or arm and ultimately, Jordan's stepping of [sic] Weakley's
arm/hand is by definition an assault (unwanted touching of
another)." In reaching his conclusion, the DHO relied on "the
officer's written report, the supporting memo, the video and

the statement of the inmate, the inmate witnesses & the staff representative review of the video." However, none of that material or information in any way evidences that Jordan's touching of Weakley was "unwanted," the essential and defining element of assault in this case. Rather, that material evidences no more than that which is undisputed, that Jordan placed his foot on Weakley's arm or hand in which he wielded a knife, thereby facilitating diengagement by the inmates. Indeed, Inmate Weakley testified remotely at the rehearing in corroboration of Jordan's own statement to the DHO that Jordan merely broke up an armed conflict between Weakley and Mills, and that Jordan's touching of Weakley was in no way "unwanted" but merely incidental to breaking up the altercation.

20.  BOP Program Statement 5270.09, Inmate Discipline Program, which implements 28 C.F.R. §541.8(i), permits only a "reviewing official," defined as "Warden, Regional Director, or General Counsel," to order a rehearing of prior DHO action on review of an administrative appeal. DHO Liwag, however, held the rehearing at the direction of BOP regional counsel in the absence of any open administrative appeals or other administrative appellate review, solely for the purpose of mooting Jordan's then pending habeas petition in the Central District of California in which he challenged the disciplinary conviction.

21.  The DHO ignored Jordan's defense that his intervening to break up the altercation was a sincere exercise of religion and consequently protected by the Religious Freedom Restoration Act.

## CLAIMS

**Violations of Laws of the United States**

<u>Ground One</u>:Jordan's disciplinary conviction was obtained in violation of 28 C.F.R. §541.8(f) as the DHO decision that Jordan committed an assault, that Jordan's touching of Weakley was "unwanted," is not supported by the greater weight of the evidence.

<u>Ground Two</u>:Jordan's disciplinary conviction was obtained in violaton of 28 C.F.R. §541.8(f) as the DHO refused to recieve into evidence and consider Jordan's proffered documentary evidence in the form of written statements of inmate witnesses prepared in 2010 and collected by his previous staff representative, Lance Cole, as set forth in ¶15, above.

<u>Ground Three</u>:Jordan's disciplinary conviction was obtained in violation of his religious freedom rights protected by statute, 42 U.S.C. §§2000bb-cc, in that it substantially burdens Jordan's religious exercise, as set forth in ¶¶17 and 21, above, while failing to further a compelling government interest by the least restrictive means.

**Violations of the Constitution of the United States**

<u>Ground Four</u>:Jordan's disciplinary conviction was obtained in violation of his due process rights as the DHO decision that Jordan committed an assault, the unwanted touching of Weakley, is not supported by any evidence.

<u>Ground Five</u>:Jordan's disciplinary conviction was obtained in violation of his due process rights to present witnesses and documentary evidence in that the DHO refused to recieve into

evidence and consider Jordan's documentary evidence in the form of written statements collected from inmate witnesses in 2010 by Jordan's previous staff representative, Lance Cole, as set forth in ¶15, above.

Ground Six: Jordan's disciplinary conviction was obtained in violation of his due process rights to be heard at a meaningful time by virtue of the undue delay between the underlying incident on July 10, 2010 and the February 10, 2016 rehearing, prejudicing Jordan's ability to defend against the charge by depriving him of favorable evidence and witnesses, specifically, the testimony of witness Kenneth Mills, whose testimony was otherwise available were the hearing properly held in a reasonable manner and at a meaningful time, as set forth in ¶¶10 and 16, above.

### PRAYER FOR RELIEF

Wherefore, Jordan respectfully request this Court grant a Petition For a Writ of Habeas Corpus and direct Respondent to (a) reinstate and credit to Jordan the 27 days good conduct time credit in which he possesses a liberty interest and was disallowed him as a result of the disciplinary conviction, (b) expunge and purge from all BOP records and files all references to the incident report and disciplinary conviction, and (c) grant such other and further relief as the court deems fair, equitable, and just, and to which Jordan is otherwise entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Mark Jordan